PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1996 Subaru Legacy struck a raised section of the road on Little Rush Run, designated as County Route 250/3 inBurton, Wetzel County. County Route 250/3 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 7,2008. County Route 250/3 is a narrow, one-lane, tar and chip road. At the time of the incident, claimant was proceeding from her driveway onto County Route 250/3. As claimant was driving on *182 County Route 250/3 at less than twenty miles per hour, her vehicle struck a raised section of the road surface, causing her to lose control of her vehicle. The raised portion, which was located in the middle of the road, consisted of mud and gravel. Since the road was icy, her vehicle slid in this area. When the claimant tried to use the brake, she testified that she panicked and may have stepped on the gas pedal instead, causing her vehicle to go up the embankment and slide into a trailer. However, the trailer was not damaged in this incident. According to the claimant, CNX Gas Drilling Co. (“CNX”), brought heavy equipment onto this road to perform drilling, causing the road condition to deteriorate. As a result of this incident, claimant’s vehicle sustained damage to its front bumper, grille, fender, hood, strope, upper tie bar, and head lamp in the amount of $2,841.15. Claimant’s vehicle had liability insurance coverage only.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 250/3. Mark Poe, Maintenance Crew Supervisor for respondent in Wetzel County, testified that County Route 250/3 is a narrow, dead end road. It is a third priority road in terms of its maintenance. Mr. Poe stated that CNX was performing drilling related to the methane degasification of coal. According to Mr. Poe, respondent has a means of recovering its costs for the damage to the road caused by CNX’s activities in this area. On March 3, 2008, respondent had placed two hundred tons of gravel and graded this area. Mr. Poe testified that respondent’s crews were involved in snow removal and ice control during this season. Respondent did not receive any complaints regarding the condition of the road between March 3,2008, and the time of claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the raised section of the road surface which claimant’s vehicle struck and that it presented a hazard to the traveling public. The Court finds that respondent was aware of CNX’s activity in this area. Although respondent had taken measures to maintain the road, these measures proved inadequate on the day of the incident. Thus, the Court finds respondent negligent. The Court also finds that the claimant was negligent in failing to maintain control of her vehicle, and the Court will therefore reduce her recovery by twenty-percent (20%).
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $2,272.92.
Award of $2,272.92.